

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 2 8 2010

JAMES W. McCORMACK CLERK
By:_____
DEP CLERK

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

**MELISSA SHANNON, M.D.**                                         **PLAINTIFF**

**VS.**                        CASE NO. ___4:10-CV-2044 DPM___

**BOARD OF TRUSTEES OF THE UNIVERSITY
OF ARKANSAS, A PUBLIC BODY CORPORATE;
B. ALLAN SUGG IN HIS OFFICIAL CAPACITY AS
PRESIDENT OF THE UNIVERSITY OF ARKANSAS;
UNIVERSITY OF ARKANSAS, BOARD OF TRUSTEES
OF THE UNIVERSITY OF ARKANSAS FOR MEDICAL
SCIENCES, DANIEL RAHN, M.D., IN HIS OFFICIAL
CAPACITY AS CHANCELLOR OF THE UNIVERSITY
OF ARKANSAS FOR MEDICAL SCIENCES; and
KEVIN OLDEN, M.D., IN HIS OFFICIAL CAPACITY
AS SUPERVISOR AT THE UNIVERSITY OF ARKANSAS
FOR MEDICAL SCIENCES**                                     **DEFENDANTS** Marshall

This case assigned to District Judge_____
and to Magistrate Judge____Kearney____

**COMPLAINT**

The Plaintiff, **Melissa Shannon, M.D.**, respectfully come before this Court, by and through her attorneys Chisenhall, Nestrud & Julian, P.A., and for her cause of action against the Defendants, states and alleges:

## I.    JURISDICTION

1.    This is an action claiming discrimination and retaliation in employment pursuant to 42 U.S.C. Sec. 2000(e) et. seq., as amended by the Civil Rights Act of 1991 (hereinafter referred to as Title VII).  It is also an action brought pursuant to the Age Discrimination in Employment Act.

2.    Jurisdiction is invoked upon this Court pursuant to 28 U.S.C. Sec. 1343.  Venue is proper in this Court pursuant to 42 U.S.C. Sec. 2000e-5(f)(3).

3.    Pendent jurisdiction is also invoked to consider the claims of civil rights

violations under the Arkansas Civil Rights Act.  Plaintiff brings ancillary causes of action brought pursuant to 28 U.S.C. §1367.  Plaintiff is also seeking declaratory relief pursuant to 28 U.S.C. §2201, equitable relief in the form of instatement into the position which she should have held but for discrimination and retaliation or front pay in lieu of being instated to the position in which she should have been placed.

## II.   PARTIES

4.    Plaintiff Melissa Shannon, M.D., is a female resident of Pulaski County, Arkansas. She is a licensed physician.

5.    Defendant University of Arkansas (hereinafter "UofA") is an agency of the State of Arkansas.  Defendant Board of Trustees of the University of Arkansas is a public body corporate, and Defendant Board of Trustees of the University of Arkansas for Medical Sciences is a public body corporate. Dr. Allan Sugg, is president of the University of Arkansas.  Daniel Rahn, M.D. is Chancellor of the University of Arkansas at for Medical Sciences; Kevin Olden, M.D. is also a supervisor at the University of Arkansas for Medical Sciences. The University of Arkansas for Medical Sciences (hereinafter "UAMS") was established as a department for the University of Arkansas and is a part of the state's higher education system.

6.    Defendant Kevin Olden, M.D., was at all relevant times hereto, was a resident of Pulaski County, Arkansas and was employed by Defendant UAMS is a supervisory capacity.  He is responsible for personnel decisions in that office, and was the decision-maker in the acts complained of herein by Plaintiff.

## III.   STATEMENT OF FACTS

7.    At all relevant times hereto, Plaintiff was a resident physician and Fellow from 2007-2010 employed by Defendant UAMS and working at the Little Rock campus of the

UAMS.

8.      In 2008, she became one of the five finalists for the 2010 position as a Gastroenterology Fellow with the Defendant UAMS. Fellows are selected in advance of the time during which they will serve as fellows.

9.      She timely and adequately completed an application for the position and was not selected. She had previously applied for the same Fellowship starting in 2007.

10.     During Plaintiff's application process for the 2010 Fellowship, she met in Defendant Olden's office where she was told that he turned her down in 2007 for the Fellowship position because of the "age card". During that same conversation he told Plaintiff of his age bias against 50 year olds. He recounted a story about his sister in law who lasted 3 days of her residency at a similar age to Plaintiff. Defendant Olden ended the conversation telling Plaintiff that she was different from most 50 year olds.

11.     Defendant Olden told Plaintiff that GI practices aren't looking for someone her age to take over their practices.  Defendant Olden made other age-related comments about Plaintiff in front of others with whom Plaintiff worked.

12.     Plaintiff appealed her non-selection to the UAMS grievance board. Defendant Olden testified about how the current practitioners, who are approaching retirement age, in Arkansas in gastroenterology support for his non-selection of Plaintiff.

13.     Defendant Olden considered that aging practitioners need to be able to hire young UAMS Fellows to take over their practices.

14.     Age was clearly the motivating factor in Dr. Olden's decision against selecting Plaintiff for a Fellowship position.

15.     Up to that time, during Defendant Olden's time serving in the selection process of

Fellows for Defendant UAMS, he did not select a woman nor, an older physician or older female physician for a Fellowship position.

16.     Plaintiff complained of what she believed to be both age and gender discrimination relating to her non-selection for the 2010 Fellowship.

17.     Thereafter, Defendants changed the selection process for the 2011 Fellowship selection and awarded the 2011 Fellowships to two younger women and one younger male.

18.     Plaintiff was denied the opportunity to apply for the 2011 Fellowship because the on-line process for application had not yet opened and was unavailable to her.

19.     Defendant Olden testified at Plaintiff's grievance hearing that she was not considered for the 2011 positions, even though she was one of the five finalists for 2010, and should have been at the top of the list for 2011.

20.     The selection process for the 2011 fellowship was sped up after Plaintiff complained of discriminatory treatment in the selection process for 2010, and the process was abbreviated in scope after Plaintiff complained.  Further the process was not announced nor was she provided information at the time that the 2011 Fellowship positions were opened for consideration.

21.     Despite Plaintiff's complaint about being discriminated against on the basis of her age and gender, Defendant UAMS did not undertake an investigation to determine whether age or gender motivated her non-selection.

22.     By background, education, and training Plaintiff was qualified for each and every Fellowship for which she applied or inquired.

23.     Plaintiff was not hired for those positions and they were filled by unqualified and less-qualified younger males and after she complained, by two younger females who were less-

qualified.

24.     These younger males and later, females, had not filed complaints of gender or age discrimination.

25.     In early 2009, Plaintiff filed a charge of discrimination with the EEOC, alleging age and gender discrimination and retaliation. The charge of discrimination is attached as Exhibit A. She received a right to sue from the EEOC. This letter is attached as Exhibit B.

**IV.     VIOLATIONS OF LAW**

26.     Defendants failed to place Plaintiff into the Fellowship position for which she was qualified because of her sex, her age, and/or in retaliation for her having exercised a federal and state protected right. Defendants made employment decisions on the basis of sex and age in violation of Title VII, the Age Discrimination in Employment Act, and the Arkansas Civil Rights Act.

27.     Defendants failed to hire Plaintiff for positions for which she was qualified because she exercised a federally protected right in complaining of employment discrimination. Such retaliation is in violation of Title VII, the ADEA and the Arkansas Civil Rights Act.

28.     Defendants retaliated against Plaintiff for exercising a constitutionally protected right of Free Speech and speech protected by state law, Ark. C. Ann. §21-1-503 et seq.

29.     At all relevant times, there was in full force and effect, 42 U.S.C. § 1983, which prohibited the deprivation of rights to persons such as the plaintiff, when under color of state law. That the actions and inactions of Defendants were taken under color of state law, and were in derogation of the Equal Protection rights of the plaintiff, in that Plaintiff's sex  and age was the unjustified motivating factor in the decision not to select her for a Fellowship program. Further, Defendants violated Plaintiff's rights to Free Speech, on that Plaintiff's anti-discrimination

complaints were an unjustified motivating factor in the decision not to select her.

30.     Plaintiff asserts that the defendants have established a pattern, practice, and custom of discrimination against females and older females specifically in selection for Fellowship positions, which is in violation of the above set forth laws, rules and statutes, and in violation of the Constitution of the United States of America, and amendments thereto, as well as the Constitution of the State of Arkansas, and amendments thereto. Because of this policy, pattern, practice and custom, Plaintiff has suffered irreparable harm in the past, and will continue to suffer irreparable harm in the future.

## V.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

31.     As stated *supra*, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). The issuance of the EEOC's right to sue completes the administrative review and Plaintiff has exhausted administrative remedies.

## VI.     PRAYER FOR RELIEF

32.     As relief for the above described violations, Plaintiffs' requests that this Court:

a.     Grant a declaratory judgment that the actions taken against Plaintiff were discrimination in violation of Title VII and the ADEA;

b.     Grant a declaratory judgment that the actions taken against Plaintiff were in retaliation for her exercise of a federally protected right and in violation of Title VII and the ADEA;

c.     Grant a declaratory judgment that the actions taken against Plaintiff were discrimination and retaliation in violation of the Arkansas Civil Rights Act;

d.     Award Plaintiff her back pay, front pay, pre-judgment interest, post-judgment interest, attorney's fees, costs, and other such sums as will make her

whole for the unlawful actions taken against her and instate her into the position she should have been in but for the illegal discrimination against her;

e.      Grant Plaintiff injunctive relief including instating her to the Fellowship position and enjoining Defendant from any further acts of discrimination and retaliation against her;

f.      Grant a declaratory judgment that Defendants violated her Constitutional rights of Freedom of Speech and Equal Protection of the law and violated state statute in failing to select her for the Fellowship program.

g.      Award Plaintiff damages for violation of her Constitutional rights and violation of her rights protected under state statute.

h.      Award Plaintiff compensatory damages for pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life due to the illegal acts taken against her;

i.      Award Plaintiff punitive damages for malice and reckless indifference to her federally and state protected rights;

j.      Grant Plaintiff a trial by jury.


                        Respectfully submitted,

                        **Attorney for Plaintiff,**
                        **Melissa Shannon**


BY:     _Denise Hoggel by Juo_
                        **DENISE REID HOGGARD, Bar No. 84072**
                        **Chisenhall, Nestrud & Julian, P.A.**
                        400 West Capitol Ave., Suite 2840
                        Little Rock, Arkansas 72201-3415
                        (501) 372-5800 Telephone
                        (501) 372-4941 Fax


                            –7–

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | |
| ☐ EEOC | 493-2009-00878 |

_____ and EEOC

State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Melissa Shannon, M.D. | (501) 664-7045 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 2300 N. Arthur | Little Rock, AR 72207 | 12/06/1953 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| University of Arkansas for Medical Science | 500 + | (501) 686-7000 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 4301 W. Markham | Little Rock, AR 72205 | Pulaski |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☒ AGE

☒ RETALIATION   ☐ NATIONAL ORIGIN   ☐ DISABILITY   ☐ OTHER (Specify)

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| EARLIEST (ADEA/EPA) | LATEST (ALL) |
| 2005 | November 14, 2008 |

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I became employed July 1, 2004 as an intern in internal medicine. In 2005 and on October 24, 2008, I applied for and was qualified for a fellowship with UAMS in gastroenterology. Despite my qualification for each of the three (3) positions in 2005 and 2008, I was denied a fellowship. The fellowships were awarded to younger males in 2006 and 2008. I complained of gender and age discrimination. After I complained but before the deadline for applications had passed for 2009, Respondent awarded all three fellowships to two younger women and one younger male, without considering my application.

I believe I was subjected to illegal sex discrimination and age discrimination in my terms and conditions of employment in violation of Title VII, Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e, et seq. and retaliated against for having exercised a federally protected right.

RECEIVED
APR 23 2009
U.S. EEOC
LRAO

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and will cooperate fully with them in the processing of my charge in accordance with their procedure. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| ... under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| _M Shannon_ | SUBSCRIBED AND SWORN TO BEFORE ME T (Day, month, and year) |
| date 04-22-09   Charging Party (Signature) | |

EOC FORM 5 (Test 10/94)

**EXHIBIT A**

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To:   Melissa Shannon M.D.<br>2300 N Arthur<br>Little Rock, AR 72207 | From:   St. Louis District Office<br>Robert A. Young Bldg<br>1222 Spruce St, Rm 8.100<br>Saint Louis, MO 63103 |
|---|---|

| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **493-2009-00878** | **Denita R. Langston,**<br>**Investigator** | **(314) 539-7902** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*[signature]*

James R. Neely, Jr.,
**Director**

SEP 3 0 2010

*(Date Mailed)*

Enclosures(s)

cc:   **Charles White, Asst. Vice Chancellor**
**UAMS**
**4301 W. Markham**
**Little Rock, AR 72205**

**Denise R. Hoggard, Esq.**
**Chisenhall, Nestrud & Julian, P.A.**
**Regions Center**
**400 West Capitol Suite 2840**
**Little Rock, AR 72201**



EXHIBIT

B

Enclosure with EEOC
Form 161 (11/09)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --**   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*