IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MELISSA SHANNON, M.D.                                          PLAINTIFF

v.                              No. 4:10–cv–2044–DPM

BOARD OF TRUSTEES OF
THE UNIVERSITY OF ARKANSAS,
a Public Body Corporate; B. ALAN SUGG,
in his official capacity as President of the
University of Arkansas; UNIVERSITY OF
ARKANSAS; BOARD OF TRUSTEES
OF THE UNIVERSITY OF ARKANSAS
FOR MEDICAL SCIENCES; DANIEL RAHN,
M.D., in his official capacity as Chancellor of
the University of Arkansas for Medical Sciences;
and KEVIN OLDEN, M.D., in his official capacity
as Supervisor at the University of Arkansas for
Medical Sciences                                              DEFENDANTS

PROTECTIVE ORDER

The parties have jointly moved for a protective order, *Document No. 6*.

In the motion, Defendants have agreed to make available to Plaintiff and her

counsel certain information regarding individuals not a party to this lawsuit,

specifically information contained in employee personnel and education files,

which are maintained by the University of Arkansas for Medical Sciences; and

Plaintiff may also produce information regarding her educational, financial,

or employment records during the course of discovery.   These files and

documents contain confidential information, the release of which would constitute an unwarranted invasion of privacy.

The Court therefore orders that any information gained in any documents photocopied from the files and documents and any additional files and documents containing personal information as described in this Order, and which are relevant to this case and designated confidential by either party, may be used only in connection with preparing and presenting claims or defenses in this case. These pages consisting of confidential information will be stamped by the parties. The parties may object to a designation but will abide by provisions of the protective order until the Court rules the information is not confidential.

The Court also orders that any documents obtained by the parties which are marked confidential shall remain in the custody of parties or their counsel. None of the parties nor anyone acting on their behalf shall in any manner, directly or indirectly, transfer or communicate any of the information or data obtained to any person not a party to this litigation other than for proper purposes directly related to the trial of this action, and that any such person to whom such communication is made is bound by the terms of this Order.

Any disclosed confidential material utilized as exhibits at trial, or in any pleadings or papers filed with the Court, shall be maintained in a separate, sealed envelope in the Court's file only to be available to the parties in any appeal which might be taken from the Court's decision in this matter.

It is further ordered that three years after the conclusion of this litigation, including any appeals, all copied documents received or furnished in this litigation and designated as confidential shall be destroyed or, if the parties so request 60 days before the time to destroy the documents, the parties will return the documents and the parties, their counsel and representatives are instructed not to retain any copies. If the parties charge money for copies, that money shall be refunded if the copies are requested to be returned.

So Ordered.

D.P. Marshall Jr.
United States District Judge

13 January 2012

-3-